JOHN W. ROBINSON, solicitor general, plaintiff in error, *vs.* CALEB W. SMITH, ordinary, defendant in error.

Where a prisoner escapes before trial, the solicitor general is only entitled to the costs which have accrued up to the time of such escape.

Criminal law.  Escape.  Costs.  Before Judge JOHNSON. Tattnall Superior Court.  April Term, 1875.

Reported in the decision.

JOHN W. ROBINSON, by Z. D. HARRISON, for plaintiff in error.

JOHN MILLEDGE, for defendant.

WARNER, Chief Justice.

The only question made by the record and bill of exceptions in this case is, whether the plaintiff in error, as solicitor general, was entitled to full costs, as prescribed in the 1646th section of the Code, when the defendant escapes before trial and conviction, as when the defendant has been tried and convicted.  The court decided that he was not, and the solicitor general excepted.

The solicitor general claims that he is entitled to full costs when the defendant escapes as he would be after trial and conviction, under the provisions of the 4699th section of the Code.  Construing the 1646th and the 4699th sections together, we think that the solicitor general is only entitled to such costs as have accrued up to the time of the defendant's escape—that is to say, $5 00 for drawing the indictment, etc., and no more than is allowed him by the fee bill, up to the time of trial, in cases where there has been no escape.  The solicitor general is not entitled to charge the full costs allowed him by the fee bill, when the defendant escapes, as he would be entitled to when the defendant is tried and convicted.  Whether the court allowed the solicitor general the costs to which he was lawfully entitled, up to the time of the escape of the

Collins & Son *et al. vs.* Bullard.

defendants, we are not able to ascertain from the record and bill of exceptions, but assuming that the court performed its legal duty in that respect, we affirm the judgment of the court below.

Judgment affirmed.